**Eugene E. CHATMAN, Appellant**

v.

**ALLEGHENY COUNTY, PA; RSI Property Management; Steven Baskin; Karen Baskin; James Butler; Judith Butler; David K. Rudov.**

No. 07–1964.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 April 24, 2008.

Filed: May 22, 2008.

Eugene E. Chatman, Pittsburgh, PA, pro se.

Before: AMBRO, FUENTES and JORDAN, Circuit Judges.

## OPINION

PER CURIAM.

Eugene Chatman, representing himself and proceeding *in forma pauperis,* filed a complaint pursuant to 42 U.S.C. § 1983. The District Court dismissed it pursuant to 28 U.S.C. § 1915(e)(2)(B). Chatman appealed, and we dismissed his appeal under 28 U.S.C. § 1915(e)(2)(B), too. Chatman then petitioned the Supreme Court for a writ of certiorari, but his petition was denied.

Chatman recently returned to the District Court and filed a "motion for leave to file demand for jury trial." Through his motion, Chatman was apparently trying to revive the claims he presented in his § 1983 complaint, although he also provided more specific information about how a state court allegedly wronged him by denying his demand for a jury trial. The District Court denied his motion. Chatman appeals *in forma pauperis.* In his notice of appeal, he explains that he wanted a jury trial in state court and in his District Court case, and he states that the District Court erred in previously dismissing his complaint.

We have jurisdiction over Chatman's appeal under 28 U.S.C. § 1291. *See Isidor Paiewonsky Assocs., Inc. v. Sharp Properties, Inc.,* 998 F.2d 145, 151 (3d Cir.1993). However, we must dismiss it under 28 U.S.C. § 1915(e)(2)(B)(i) because it has no arguable basis in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The District Court long ago dismissed Chatman's complaint, we affirmed the order of dismissal, and the Supreme Court denied certiorari. Chatman was not entitled to a jury trial or other relief in his closed case.